**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

August 20, 2026

Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Yang v. Genalo, et al.*, No. 26-cv-5054 (SJB)

Dear Judge Bulsara:

This Office represents Respondents in the above captioned habeas petition (the "Petition") filed by Petitioner Lingqi Yang ("Petitioner"). Docket Entry ("DE") #1. This letter is respectfully submitted pursuant to Your Honor's Order to Show Cause dated August 19, 2026. For the reasons set forth below, the Petition should be denied.

**Background**

Petitioner is a native and citizen of China. Declaration of William J. Kennedy III ("Kennedy Decl.") ¶ 3. On an undetermined date, Petitioner entered the United States unlawfully at an undetermined location. *Id.* ¶ 4. On November 21, 2016, Petitioner filed an asylum application with U.S. Citizenship and Immigration Services ("USCIS"). That application is still pending. *Id.* ¶ 5. On June 30, 2024, Petitioner was arrested by the Washington Police Department in Tazewell County, Illinois, for Burglary, in violation of 720 Illinois Compiled Statutes ("ILCS") § 5/19-1(a). *Id.* ¶ 6 & Ex. A. On July 18, 2024, Petitioner was charged with Attempt, in violation of 720 ILCS § 5/8-4(a), in connection with the June 30, 2024, arrest. *Id.* ¶ 7 & Ex. A. The disposition of this charge is unknown. *Id.*

On August 18, 2026, Petitioner was scheduled to appear for an asylum interview at the USCIS Asylum Office, at 1065 Stewart Avenue in Bethpage, New York. *Id.* ¶ 8. On August 18, 2026, at approximately 9:38:39 a.m., ICE issued a Form I-200, Warrant for Arrest of Alien, for Petitioner ("I-200"). *Id.* ¶ 9 & Ex. B. On August 18, 2026, at approximately 9:39:54 a.m., ICE issued a Form I-862, Notice to Appear, for Petitioner ("NTA"), charging him as inadmissible under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* ¶ 10 & Ex. C. The NTA directed Petitioner to appear before an immigration judge ("IJ") in New York, New York, on August 31, 2026. *Id.* Later on the same date, ICE filed the NTA with the Executive Office for Immigration Review ("EOIR"), thereby commencing removal proceedings against Petitioner. *Id.*

On August 18, 2026, at approximately 10:15 a.m. and after the conclusion of Petitioner's asylum interview, ICE Enforcement and Removal Operations ("ERO") officers, wearing visible ICE badges that said "ICE", encountered Petitioner at the USCIS Asylum Office in Bethpage, New York, and identified themselves as ICE officers. *Id.* ¶ 11. ICE officers asked Petitioner for identification. *Id.* Petitioner provided a Chinese passport bearing his photograph, name, and date of birth. ICE officers positively identified Petitioner and informed him of the I-200. *Id.* ICE officers then placed Petitioner under arrest pursuant to the I-200. ICE officers then transported Petitioner to the Nassau County ICE Intake Office, at 100 Carman Avenue in East Meadow, New York, for processing. *Id.*

During processing, ICE determined that Petitioner was subject to discretionary detention under INA § 236(a), 8 U.S.C. § 1226(a), and provided Petitioner with an individualized initial custody determination under INA § 236(a), 8 U.S.C. § 1226(a). *Id.* ¶ 12. After considering relevant factors, ICE concluded that Petitioner had not established that he did not pose a danger to persons or property and that Petitioner would remain detained pursuant to 8 U.S.C. § 1226(a). *Id.* ¶ 12. Upon completion of the individualized custody determination, ICE completed a Form I-286, Notice of Custody Determination ("I-286") and provided Petitioner with notice of that determination on the same date. *Id.* ¶ 12 & Ex. D. The I-286 also included a notice that Petitioner may request a review of his custody determination by an immigration judge. *Id.* ¶ 12. Petitioner refused to sign an acknowledgement of that notification, but he indicated that he would like to request that an immigration judge review his custody determination. *Id.*

After processing, Petitioner was transferred to the Nassau County Correctional Center in East Meadow, New York, where he currently remains detained. *Id.* ¶ 13. On August 19, 2026, EOIR issued a hearing notice, scheduling Petitioner for an initial master calendar hearing before an IJ on August 25, 2026. *Id.* ¶ 14. Petitioner is also scheduled to have a bond hearing before an IJ on August 25, 2026 at 10:30 a.m. *Id.*

Petitioner is being detained pursuant to 8 U.S.C. § 1226(a). *Id.* ¶ 15.

**ICE Properly Detained Petitioner Pursuant to 8 U.S.C. § 1226(a)**

Petitioner is properly being detained pursuant to § 1226(a), and his remedy, if any, is administrative. Under § 1226(a), the Government may arrest and detain an alien during his removal proceedings or release him on bond or conditional parole. Section 1226(a) provides, in relevant part, that:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole;

8 U.S.C. § 1226(a). By regulation, immigration officers conduct custodial determinations and may release aliens if the alien meets his burden of showing that he "would not pose a danger to property or persons" and "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8) 236.1(c)(8),(d)(1); *see Hamilton v. Shanahan*, No. 09-cv-6869, 2009 WL 5173927, at *2 (recognizing that the alien bears the burden of proof). The statute's text makes clear that the custody determination need not take place prior to or at the moment of the arrest. *See* 8 U.S.C. § 1226(a) (setting forth that, the decision is whether to "*continue* to detain" the arrested alien" or to release the alien on bond or parole) (emphasis added). The statute's use of the phrase "continue to detain" necessarily implies that, at the time the government makes the custody determination, the alien has already been apprehended and detained. *See Velasco Lopez v. Decker*, 978 F.3d 842, 849 (2d Cir. 2020) (referring to "post-arrest custody determination" under § 1226(a).

Once ICE makes the individualized custody determination, 8 U.S.C. § 1226(e) jurisdictionally bars courts from reviewing that determination. Section 1226(e) provides that "[ICE]'s discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by [ICE] under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Thus, "[a] district court has no authority to review ICE's discretionary determinations made under [Section 1226] or otherwise question their propriety." *Id.* (citing 8 U.S.C. § 1226(e)).

After ICE makes the initial custody determination, the alien detained under Section 1226(a) has yet more process available. He can request a custody redetermination (*i.e.*, a bond hearing) by an immigration judge ("IJ") at any time before a final order of removal is issued. *See* 8 C.F.R. § 236.1(d)(1). Under 8 C.F.R. § 1003.19(h)(3), an alien may seek a redetermination of custody conditions set by ICE before an immigration judge must "first demonstrate, by clear and convincing evidence, that release would not pose a danger to other persons or to property. If an alien meets this burden, the alien must further demonstrate, by clear and convincing evidence, that the alien is likely to appear for any scheduled proceeding or interview." *See Hylton v. Shanahan*, 2015 WL 3604328 (S.D.N.Y. June 9, 2015) (declining to shift burden of proof onto government in a bond hearing in immigration court where respondent was detained under § 1226(a)). If dissatisfied with the IJ decision, the alien can seek review by the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(F), 1003.38, 1236.1(d)(3); *see also Monterosa v. Decker*, No. 20-cv-02653, 2020 WL 1847771, at *3 (S.D.N.Y. Apr. 11, 2020) ("After ICE makes and initial detention decision, any person who is detained has the right to request a bond hearing before an Immigration Judge.").

Here, on the same day of Petitioner's arrest, ICE conducted an initial custody determination. *See* Kennedy Decl. ¶ 12 & Ex. D. ICE elected to detain Petitioner after determining that he had not established that he does not pose a danger to persons or property. *Id.* ¶ 12 The process afforded under ¶ 1226(a) also entitles him to seek custodial redetermination before an IJ. Petitioner is currently scheduled for a bond hearing before an IJ on August 25, 2026. *Id.* ¶ 14. Respondents complied with the requirements of a detention pursuant to 8 U.S.C. § 1226(a). To the extent that Petitioner has recourse, it is not judicial, but administrative, before an IJ.

Respondents are aware of this Court's decisions in matters granting habeas petitions where an NTA was issued after the issuance of an I-200 administrative warrant. *See, e.g., Gopie v. Lyons,* No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025); *Yeleshev v. LaRocco*, No. 26-CV-2294 (SJB), 2026 WL 1353806, at *2 (E.D.N.Y. May 14, 2026). Here, while Petitioner's NTA was executed approximately one minute after the execution of the I-200, Kennedy Decl. ¶¶ 9, 10 & Exs. B & C, the requirements of 8 C.F.R. § 1236.1(b)(1) have nonetheless been met as the documents were issued contemporaneously—even if the NTA was executed a minute after the I-200. *Ramirez v. Genalo*, 26-cv-3229, 2026 WL 1815771, at *4 (E.D.N.Y. June 24, 2026) (Gonzalez, J.) (holding that there "is no defect in th[e] process" where an NTA is issued on the same day at a I-200). Indeed, the de minimis amount of time between the execution of the I-200 and NTA should not be deemed a due process violation to form the basis to grant the Petition. *Cf. Flores-Linares v. Bondi*, No. 26-cv-00298 (SJB) ("the habeas statute operates by references to days, not minutes or hours.").

Further, Petitioner's pending asylum application does not preclude Petitioner's detention pursuant to 8 U.S.C. § 1226(a). Merely applying for a status, including asylum, does not give an alien lawful status such that they are not in the U.S. in violation of any law. *See* 8 CFR 245(d)(1) (the term "lawful immigration status" includes an alien *granted* asylum status, but not an *applicant* for asylum); *see also Dhuka v. Holder*, 716 F. 3d 149, 156 (5th Cir. 2013) (although an alien may be granted permission to remain in the U.S. during the pendency of their application, such authorization does not equate to a right protected by law during the pendency of their application sufficient to confer lawful immigration status). Moreover, Petitioner was detained after his asylum interview, Kennedy Decl. ¶ 11, which comports with the USCIS website representations/other authorities that this Court discussed in *Yeleshev*, 2026 WL 1353806, at *1, n.1. ("the USCIS website unequivocally states that an individual with a pending asylum application is *not subject to removal*, and states that referral for removal proceedings may occur only after an interview" and "While your case is pending, you will be permitted to remain in the United States. After your asylum interview, if you have not been granted asylum and appear to be removable under section 237 of the INA, 8 U.S.C. 1227, or inadmissible under section 212 of the INA, 8 U.S.C. 1182, the asylum office will refer your application, together with the appropriate charging document, to the Immigration Court for adjudication in removal proceedings.").

Petitioner has been properly detained under 8 U.S.C. § 1226(a) pursuant to a contemporaneously issued NTA and I-200. During processing shortly after his arrest, Petitioner received the requisite individualized custody determination, Kennedy Decl. ¶ 12 & Ex. D, and he is currently scheduled for a bond hearing before an IJ on August 25, 2026. *Id.* ¶ 14. Accordingly, the Petition should be denied.

Respondents thank the Court for its consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: *_/s/ Robert W. Schumacher_*
Robert W. Schumacher
Assistant U.S. Attorney
(631) 715-7871

cc: Adam S. Kopchian, Esq.